No. 27,175.

THE STATE OF KANSAS, ex rel. CHARLES B. GRIFFITH, Attorney-general, *Plaintiff*, v. C. E. HOWARD, County Commissioner of Rawlins County, *Defendant*.

SYLLABUS BY THE COURT.

COUNTIES—*Removal of Commissioner—Willful Misconduct.* It is willful misconduct in office for a county commissioner to join in the purchase of a secondhand tractor and pay therefor $6,600, the price of a new one, when he knows that the tractor can be purchased from its owner for $4,500.

Original proceedings in quo warranto. Opinion filed May 7, 1927. Writ of ouster granted.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, *E. E. Kite*, of St. Francis, and *Charles H. Carpenter*, of Atwood, for the plaintiff.

*A. M. Harvey, Randal C. Harvey*, both of Topeka, and *Charles E. Scott*, of Atwood, for the defendant.

The opinion of the court was delivered by

MARSHALL, J.: This is a proceeding in quo warranto to oust the defendant from the office of county commissioner of Rawlins county for willful misconduct and neglect of duty in the office of county commissioner.

The petition contains nine counts, the first of which charges that the defendant on December 13, 1925, "did knowingly, willfully, wrongfully and corruptly take and use a certain Ford automobile belonging to Rawlins county, Kansas, for the purpose of transporting himself from the city of McDonald, Rawlins county, Kansas, to the city of Denver, Colo., upon a private and personal mission." The second, third, fourth, fifth, sixth, seventh and eighth counts charge misconduct and neglect of duty in the purchase of a tractor in that the defendant conspired with M. E. Mathews and E. L. Lemen to purchase a secondhand tractor from the White Motor Truck Company and represented to the other commissioners that it was a new tractor; that the tractor was purchased; and that the price paid by the county for the tractor was $6,600 when it was of the value of only $4,250. These seven counts of the complaint charge different phases of misconduct and neglect of duty concern-

Counties, 15 C. J. p. 495 n. 69, 74 new. Officers, 29 Cyc. p. 1410 n. 32.

ing the character and value of the tractor and concerning concealment of that character and value from the other members of the board of county commissioners. The ninth count charges that the defendant received a consideration for his part in the transaction.

The evidence has been taken by deposition. No commissioner was appointed and there is no report of a commissioner. For that reason it is necessary for the court to examine the evidence for the purpose of ascertaining whether or not the charges contained in the complaint have been sustained.

The defendant C. E. Howard is and was at all times named in the petition a county commissioner of Rawlins county. He with another one of the county commissioners, Albert Patterson, and the county engineer, E. L. Lemen, drove in an automobile owned by the county to Denver, Colo., for the purpose of seeing M. E. Mathews about the purchase of a tractor then in Denver. The defendant met Mathews at the Marquette hotel in Denver. The tractor at that place was examined, but it was not purchased. At the hotel Mathews got the defendant in communication with the White Motor Truck Company, of Casper, Wyo., who had a secondhand tractor for sale at $5,000. The defendant talked over the telephone with William Utzinger, of the White Motor Truck Company, concerning the purchase of that tractor. In that conversation the defendant learned that the White Motor Truck Company asked $5,000 for the tractor, but also learned that $4,500 had been named as the price to Mathews. The defendant returned to Rawlins county. A meeting of the board of county commissioners was immediately called, at which Mathews was present. An arrangement was then made by which the commissioners agreed with Mathews to purchase the tractor at Casper, Wyo., for $6,600, to be paid on the delivery and acceptance of the tractor. It was shipped to Colby, Kan., and was delivered on the payment of $4,250 by Mathews, which payment had been guaranteed to the White Motor Truck Company by the defendant as chairman of the board of county commissioners. The county gave to Mathews a check on a bank for $6,600 to pay him for the tractor that had been purchased from the White Motor Truck Company for $4,250. The check for $6,600 was presented by Mathews, who insisted that $1,450 in cash be paid to him, and for the balance of the $6,600 he received a draft on another bank. When the tractor reached Colby it was examined by the defendant

and the county engineer, Lemen. The paint was found to be in bad condition. ·It was repainted in Colby and afterwards taken to Rawlins county. The defendant at all times had knowledge of the entire situation and was active in purchasing the tractor; $6,600 was approximately the price of a new tractor of the same kind and make with the same equipment delivered in Rawlins county. The defendant had full knowledge of all of the facts.

Briefly summarized, the situation was this: The defendant induced the county to pay $6,600 for a secondhand tractor which could have been purchased by the county from the dealer for $5,000 and which was purchased by Mathews for $4,250. The county paid $2,350 to Mathews for the privilege of dealing with him. From that sum should be deducted the freight on the tractor from Casper, Wyo., to Colby, Kan.

Section 60-1609 of the Revised Statutes, in part, reads:

"Every person holding any office of trust or profit, under and by virtue of any of the laws of the state of Kansas, either state, district, county, township or city office, who shall willfully misconduct himself in office, or who shall willfully neglect to perform any duty enjoined upon such officer by any of the laws of the state of Kansas . . . shall forfeit his office and shall be ousted from such office in the manner hereinafter provided."

It is misconduct for a county commissioner to deliberately pay more for an article purchased than is asked by the person who has the article to sell. Such conduct is also willful neglect of duty and exposes him to ouster from office.

The court finds the defendant guilty of willful misconduct, and he is ousted from the office of county commissioner of Rawlins county.

HARVEY, J., not sitting.